# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Awale H. Farah,

       Petitioner,

Case No. 16-cv-3158 (DWF/SER)

v.

**REPORT AND RECOMMENDATION**

Jeff Sessions,[1] John F. Kelley,[2] and Thomas D. Homan,[3]

       Respondents.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Awale H. Farah's ("Farah") Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") [Doc. No. 1]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition as moot and recommends this action be dismissed.

**I.    BACKGROUND**

---

[1] On February 9, 2017, Jeff Sessions became the Attorney General of the United States, succeeding Loretta E. Lynch. *See Office of the Attorney General*, U.S. Dep't of J., https://www.justice.gov/ag (last visited Apr. 20, 2017). Jeff Sessions is therefore automatically substituted as a defendant in this matter. *See* Fed. R. Civ. P. 25(d).

[2] On January 20, 2017, John F. Kelley became the Secretary of Homeland Security, succeeding Jeh Johnson. *See Secretary of Homeland Security*, Dep't of Homeland Sec., https://www.dhs.gov/secretary (last visited Apr. 20, 2017). John F. Kelley is therefore automatically substituted as a defendant in this matter. *See* Fed. R. Civ. P. 25(d).

[3] On January 30, 2017, Thomas D. Homan became the Acting Director of Immigration and Customs Enforcement ("ICE"), succeeding Sarah Saldana. *See ICE Leadership*, U.S. Dep't of Immigration & Customs Enf't, https://www.ice.gov/leadership (last visited Apr. 20, 2017) (select the portrait of Thomas D. Homan). Thomas D. Homan is therefore automatically substituted as a defendant in this matter. *See* Fed. R. Civ. P. 25(d).

Farah is a citizen and native of Somalia. (Pet. at 3);[4] (Resp. to Pet. for Writ of Habeas Corpus, "Initial Resp.") [Doc. No. 5 at 1]; (Decl. of Xiong Lee, "Lee Decl.") [Doc. No. 6 ¶ 6]. On March 18, 2014, Farah was convicted of second degree burglary. (Initial Resp. at 1). Farah was sentenced to twenty-one days in jail with the sentence stayed pending successful completion of probation. (*Id.* at 1–2). On May 29, 2014, Farah was taken into custody by ICE. (*Id.* at 2). On July 21, 2014, an immigration judge granted Farah's I-602 Application for Waiver of Grounds of Excludability, thereby terminating the removal proceedings. (*Id.*). On August 25, 2015, Farah violated the conditions of his probation and was re-sentenced to eighteen months imprisonment. (*Id.*); (Order Executing Sentence, Ex. 1, Attached to Lee Decl.) [Doc. No. 6-1 at 12]. It is not clear whether Farah was incarcerated on the basis of his probation violation, but on December 21, 2015, Farah was convicted of Theft/Driving Motor Vehicle Without Consent and sentenced to fifteen months imprisonment. (Initial Resp. at 2).

On March 7, 2016, Farah was again taken into custody by ICE. (*Id.*). An immigration judge ordered Farah removed "from the U.S. to Kenya or in the alternative to Somalia." (Lee Decl. ¶ 10); *see also* (Initial Resp. at 2). The Kenyan Embassy denied ICE's travel document request on April 13, 2016. (Initial Resp. at 3). In June 2016, ICE reviewed Farah's detention and found that his "removal from the United States was reasonably foreseeable in the near future." (*Id.*). A travel document to Somalia was issued on September 9, 2016. (*Id.*). Detention reviews in September and October 2016 revealed "a significant likelihood of removal in the reasonably foreseeable future." (*Id.*). These findings resulted in Farah's continued detention in the United States. (*Id.*)

---

[4] When referencing the Petition, CM/ECF pagination is used.

On September 26, 2016, Farah filed his Petition, requesting this Court to "immediately release [him] from custody" and award him attorney's fees under the Equal Access to Justice Act ("EAJA"). (Pet. at 10). Farah cited *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing that his continued ICE detention is unconstitutional because his detention exceeded the presumptive six-month limitation for detention of aliens to be removed. (Pet. at 7). Respondents Sessions, Kelley, and Homan (collectively, the "Respondents") filed their Initial Response to the Petition on November 14, 2016, and stated that Farah was a candidate to be "removed shortly." (Initial Resp. at 11). On January 24, 2017, Farah was removed to Somalia. (Suppl. Resp.) [Doc No. 11 at 1–2]; (Second Decl. of Xiong Lee, "Second Lee Decl.") [Doc. No. 12 ¶ 6]. Respondents now request that this Court dismiss Farah's habeas petition as moot because he has been successfully removed. (Suppl. Resp. at 2).

## II. DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (internal quotation marks omitted); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Haden v. Pelofksy*, 212 F.3d 466, 469 (8th Cir. 2000) (omission in original) (internal quotation marks omitted).

"The District of Minnesota is one of several U.S. District Courts that have concluded that a petitioner's actual removal from the United States renders moot that petitioner's habeas claims related to his detention prior to removal." *Hassan v. I.C.E.*, No. 13–cv–841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Brisbois, Mag. J., as adopted by Schiltz, J.); *see also*

*Estrada-Heredia v. Holder*, No. 12–cv–1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (Rau, Mag. J.), *adopted by* 2012 WL 4839019 (Oct. 11, 2012) (Nelson, J.). Similarly, the Eighth Circuit has held that a § 2241 petitioner's release from custody renders his habeas petition moot. *See Ali*, 419 F.3d at 724 ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested.").

Respondents have established that Farah has been successfully removed to Somalia and thus Farah's Petition has been rendered moot by his actual removal. *See Hassan*, 2013 WL 3974522, at *2; (Suppl. Resp. at 2); (Second Lee Decl. ¶ 3). "Quite simply, 'there is nothing for [this Court] to remedy, even if we were disposed to do so.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). Therefore, the court recommends Farah's Petition be denied as moot because there is no case or controversy sufficient to provide the Court jurisdiction under Article III.

In addition to removal, Farah seeks an award of attorney's fees and costs pursuant to the EAJA. (Pet. at 10). This Court "recommend[s] denial of fees pursuant to [the] EAJA because [Farah] proceeded *pro se* for the entirety of this action." *Estrada-Heredia*, 2012 WL 4839113, at *2 (citing *Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) (Davis, J.) ("Pro se litigants are not entitled to EAJA fee awards.")).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Awale H. Farah's ("Farah") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**;

2. Farah's request for attorney's fees be **DENIED**; and

3. This action be **DISMISSED**.

Dated: April 24, 2017

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.